IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>              v.<br><br>[2] ANGEL A. REYES-AGOSTO,<br>[5] REIMUNDO QUINONES-ALVAREZ,<br><br>    **Defendants.** | CRIMINAL NO. 13-907 (JAG) |

MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

During trial on May 21, 2015, the United States of America (the "Government") sought to introduce as evidence a transcript of the testimony given by defendant Roberto Gonzalez-Rivera ("Gonzalez-Rivera") before a federal grand jury on May 23, 2013 (the "2013 Grand Jury"). See Docket No. 172.[1] Defense counsel objected, and the Court ordered the parties to submit formal motions on the matter. See id. Defendant Angel A. Reyes-Agosto ("Reyes-Agosto") complied with the Court's order and filed his Motion in Opposition to the Introduction of Certain Admissions Made by Co-Defendant Gonzalez (the "Motion"), which is now before the Court. Docket No. 180. Shortly thereafter, Defendant Reimundo Quinones-Alvarez ("Quinones-Alvarez") moved to join Reyes-Agosto's Motion. Docket No. 181.[2] The Government then filed its Response in Opposition to Defendants' Motion to Preclude Admission of Co-Defendant's

---

[1] Gonzalez-Rivera's testimony pertains to the events that transpired on February 1, 2010.

[2] Quinones-Alvarez's Motion for Joinder is GRANTED. Hereafter, defendant Reyes-Agosto and defendant Quinones-Alvarez shall be collectively referred to as "Defendants."

Statement at Trial (the "Opposition"). Docket No. 191. For the reasons outlined below, Defendants' Motion is DENIED.

## DISCUSSION

Defendants seek to preclude the Government from introducing into evidence Gonzalez-Rivera's testimony before the 2013 Grand Jury. Docket No. 180 at 7. Alternatively, Defendants propose that the transcript be redacted so as to completely omit all references to any of Gonzalez-Rivera's co-defendants in this case. Id. at 8.[3] More specifically, Defendants rely on Bruton v. United States,[4] Gray v. Maryland,[5] and Richardson v. Marsh[6] to argue that Gonzalez-Rivera's testimony incriminates his co-defendants, and that admitting such testimony would violate the Confrontation Clause of the Sixth Amendment given that Gonzalez-Rivera will not testify at trial. Id. at 5-7. The Court is not persuaded by Defendants' arguments.

I. **Bruton's Facially Incriminating Confession**

Without much in the way of explanation, Defendants contend that the testimony of Gonzalez-Rivera before the 2013 Grand Jury is a confession that incriminates his co-defendants. The Court disagrees.

In Bruton, the Supreme Court held that admitting into evidence a non-testifying co-defendant's confession that implicates another defendant at a joint trial violates that defendant's

---

[3] Finally, in the event that the Court denies the previous two petitions, defendant Reyes-Agosto requests to be severed from this trial. Docket No. 180 at 8.

[4] 391 U.S. 123 (1968).

[5] 523 U.S. 185 (1998).

[6] 481 U.S. 200 (1987).

Criminal No. 13-907 (JAG)                                                                                               3

cross-examination rights under the Sixth Amendment. 391 U.S. at 124-126. This is so even where the trial court gives the jury limiting instructions that the confession can only be used against the confessing co-defendant, and not against any other defendant in the case. Id. But even though Defendants correctly summarize the holding of Bruton, they miss the mark with regard to the facts of the case, which explains why they mistakenly liken the Bruton confession with the testimony here at issue.

    The non-testifying co-defendant in Bruton confessed to having committed the crime of armed postal robbery. Id. at 124. Not only that, the Bruton co-defendant expressly admitted to having an accomplice while committing the crime —the other defendant at the joint trial. Id. In light of such "powerfully incriminating extrajudicial statements of a co-defendant," the Supreme Court held that allowing the confession into evidence violated the defendant's Sixth Amendment rights, even if the trial court had given the jury a limiting instruction. Id. at 135-37.[7] Differently from the Bruton confession, Gonzalez-Rivera's testimony before the 2013 Grand Jury is not incriminating on its face. Quite the reverse, in the testimony there is no express admission by Gonzalez-Rivera that he or any of his co-defendants committed a crime, much less the crimes with which they are charged. Indeed, as the Government correctly points out in its Opposition, nothing in the 2013 Grand Jury testimony even insinuates that Gonzalez-Rivera or his co-defendants are guilty of obstruction of justice, perjury, false statements, or misprision of felony.

---

[7] The Court later emphasized in Richardson that a statement is only "powerfully incriminating" so as to run afoul of the Bruton rule when it is facially inculpatory. 481 U.S. at 208-09.

Docket No. 191 at 3. Because Gonzalez-Rivera's testimony fails to facially incriminate any of his co-defendants, <u>Bruton</u>'s protective rule does not apply.[8]

## II. Redaction

But assuming *arguendo* that Gonzalez-Rivera's statements did incriminate his co-defendants, the Government has already acquiesced to redact the 2013 Grand Jury testimony. Docket No. 191 at 4. The Court agrees with the Government that replacing the names of all the police officers that participated in the events of February 1, 2010 with the words "someone," "other person," or "another person" would prevent the jury from inferring to whom the redacted word refers, particularly in light of the fact that the jury is already aware that at least 8 police officers and 4 other adults were present that day. <u>Id.</u> <u>See also</u> <u>Vega Molina</u>, 407 F.3d at 520 ("A particular case may involve numerous events and actors, such that no direct inference plausibly can be made that a neutral phrase like 'another person' refers to a specific co-defendant."). The redactions, coupled with a limiting instruction to the jury that it must only consider the testimony at issue against Gonzalez-Rivera, completely eliminates any potential <u>Bruton</u> violation.

---

[8] Defendants' reliance on <u>Grey</u> and <u>Richardson</u> is misplaced for similar reasons. In <u>Grey</u>, a non-testifying co-defendant confessed to the police that he and the other defendant at a joint trial had assaulted and murdered a woman. 523 U.S. at 188-89. In <u>Richardson</u>, the non-testifying co-defendant confessed to have committed robbery, assault, and murder together with another defendant to be tried jointly therewith. 481 U.S. at 203 n.1. Like the <u>Bruton</u> confession, the confessions in <u>Grey</u> and <u>Richardson</u> facially incriminated another defendant; here, on the other hand, Gonzalez-Rivera's testimony could at most be described as indirectly incriminatory. <u>See</u> <u>Richardson</u>, 481 U.S. at 208-211 (holding that <u>Bruton</u> does not apply where a non-testifying co-defendant's confession is not incriminating on its face and becomes so only when linked with evidence introduced later at trial); <u>see also</u> <u>United States v. Vega Molina</u>, 407 F.3d 511, 520 (2005) (explaining that "[s]tatements that are incriminating only when linked to other evidence in the case do not trigger application of <u>Bruton</u>'s preclusionary rule").

## CONCLUSION

For the reasons outlined above, Defendants' Motion is DENIED. Accordingly, the testimony shall be allowed into evidence as redacted by the Government at Docket No. 191-2. The Court shall also provide the jury with a limiting instruction that it must only consider the testimony against defendant Gonzalez-Rivera.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of June, 2015.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
